Jose, Jesse S. Finlayson, appearing for Appley. All right, Mr. Rajaee, would you like to reserve any time for rebuttal? Good morning, Your Honors. I would like to reserve the entirety, unless the Court has any questions. Questions? Well, you know, I do have a question. Mr. Rajaee, I want to hear from you at the outset. I mean, I understand it's your position that the Bankruptcy Court abused its discretion in entering the order approving the trustee settlement with the Levine firm and the Cate Legal Group, correct? Correct. Okay. On reviewing this issue, the Ninth Circuit in the ANC Properties case directs the Bankruptcy Courts to consider four factors. I want to hear from you, which of those four factors specifically, which of those four factors did Judge Latham fail to consider? So, Your Honor, my position is... Could you please come closer to the microphone? We're having trouble hearing you. Is that better? Not really. Let me try to... Maybe just speak up a little bit, if you can. Okay. Is that better? Yes. Yes. Thank you. Thank you. Okay. So, Your Honors, my position is that the question of fundamental jurisdiction goes to the heart of the due process, and we should... That's not my question. I want you to address the four factors in the ANC Properties case. And if you don't remember them, I can understand that, but I can give them to you, the four factors, if you want. I'm familiar with them, Your Honor, but a procedural ANC Properties test, I believe, is supplanted by due process of... Okay.  Let's assume, then, we've gotten there, okay? Let's assume that we are looking at ANC, and the court is concerned about the ANC factors. I want you to have the opportunity to address them. Okay.             Well, again, my position is... I know that, but what if we get beyond that? What if you lose on that position? I did ask you... That would mean that the judgments are valid, and I wouldn't have an appeal. Essentially, if we get to ANC Properties, this court would be giving legal effect to the prior orders, and I wouldn't have an appeal. I would lose. I'm having a hard time understanding this. Is it your position that all of the ANC factors were considered by the court, by Judge Latham? Again, respectfully, we shouldn't even be in Chapter 7. Okay. All right. But now, we are, okay? And Judge Latham was looking at the ANC Properties factors. Which one of those... If... Take it as a hypothetical for you, that we're there. Which of those factors do you think that he made a mistake? I believe the ANC factors should not have been before Judge Latham, and again, the court is getting past that.  All right. Let me just clarify then. So, you're not challenging his specific rulings on the ANC property factors in this appeal, right? You're challenging the jurisdictional issues which you say come before that. Is that correct? Correct. My understanding, and that's what I was going to argue here today, is that unaddressed jurisdictional issues are being instead argued with citations going to the merits of the orders without ever establishing personal or subject matter jurisdiction authority of the San Diego Court to render such a judgment. And so, that becomes a constitutional issue before a court can decide matters of ANC properties. I wouldn't file this appeal if I believed that the orders of the San Diego Court and the conversion order and beyond, and the trustee's authority to settle them were valid. And I believe that unaddressed jurisdictional issues remain in my case and they will continue in my case because the court is simply not ruling. And by the way, this is in addition to everything that the opposition has put in their brief. It doesn't contest any of my allegations of jurisdictional issues based on that. So are we to ignore the state court ruling? No, you're absolutely to exercise what I believe is a duty of the court to validate that the San Diego Court had jurisdiction. No one has been able to do that. That's not before us, Mr. Adjaye. I think we can get to the heart of that. That is not the issue before us. The only issue before us is the approval of the settlement. And that's why Judge Corbett is asking you what was wrong with the settlement. So to the extent you want to continue to challenge the jurisdictional basis of underlying liabilities that caused the bankruptcy, understand that. But that's not before us and that's not what the bankruptcy appellate panel is going to  So I guess that what I'm trying to make clear, I thought I made in my brief, is that an order that is void, an order giving validity to a void order. We're not the ones to decide that. That is what you're hearing from all three of us. I'm not asking for the court to declare the San Diego judgment void. I'm asking the court to see what grounds was given to the authority of the LLME settlement. And based on that, it gave effect to a legally void order. I'm not looking to have that judgment declared void. I'm just looking that this LLME settlement gives effect to an unaddressed jurisdictional issue. And based on that, this LLME settlement that is before the court should be vacated. The issue is really different than that. Let's say someone has what some people believe is a frivolous claim and maybe there's no basis for the judgment. But somehow they got a judgment and it's there. What the trustee is settling is, and what the parties are settling is, whether it's good or bad, we should look at whether it makes sense to get rid of it, and if somebody's willing to pay something to get rid of it, and the trustee thinks that that number is fair and the court looks at it and thinks it's fair and it's appropriate under the circumstances, we're going to do it. We're going to get done with this. It's a pragmatic approach. But Your Honor, I'm not arguing whether the judgment is good or bad. I'm saying that it's jurisdictionally defective. That's a different distinguishable argument, in my opinion, because even the parties fail to object to the evidence of the jurisdiction. They keep going... What if there was no judgment, okay? What if there's no judgment and people just have claims, and the claims were before the bankruptcy court, and people are saying, well, one side is saying they're never going to get a judgment. But the trustee gets somebody to pay some money, and they can settle it. That's the crux of my argument, is I filed for Chapter 11, which means I would be in debit or in possession. That's not before us either. This is a Chapter 7 case. Before us, we're not determining today or when we get around to writing the opinion on whether or not you should be in 7 or 11. That was decided by a different order, and that's not before us. But the fundamental jurisdiction remains unaddressed, Your Honor, and we can go down 20 more rulings. A void order cannot give effect to subsequent orders. It's just, whether I'm in Chapter 11 or Chapter 7, I believe that the court must decide that the order being challenged and being used to obtain legal rights for the trustee to settle this is jurisdictionally defective. Where should that order be challenged? Well, unconstitutionally entered order, whether lacking subject matter jurisdiction or personal jurisdiction, can be challenged in any proceeding where they're being asserted as being valid. And the LLME settlement specifically mentions the San Diego judgment as its authority to give enforcement to it. And to me, that's a... I think the problem that I have is you're conflating here. Go ahead and challenge that order however you want. It's not before us, but you voluntarily filed bankruptcy. You voluntarily filed the 11, but with that came all the attendant consequences, and this is the consequence of that, right? There was a 7. You can challenge. I forget if you've challenged the conversion order. So that's all going on, and it's all in separate paths, but this path is only as to, in the bankruptcy, the trustee, Chapter 7 now, obtained the rights to administer the estate. This is the means by which the trustee has chosen. And Judge Corbin is asking, what's wrong with that? And you want to go back to the beginning. I would never be here but for this bad order. We're here. So... Well, how did the Chapter 7 trustee obtain his rights? Because you filed bankruptcy voluntarily. Your Honor, I filed Chapter 11, not Chapter 7. No, you filed bankruptcy, and you chose 11, and you were allowed to proceed in 11, and at some point, things arose, which precipitated a motion to convert, which was granted off of the constitutionally invalid order that led the trustee to obtain these rights. It's the same order that's being used over and over again to give legal effect. The court can't act without subject matter jurisdiction or personal jurisdiction. Nobody has established, including the bankruptcy court, has established how the San Diego court had subject matter jurisdiction. We have jurisdiction because you filed a bankruptcy petition. And filing of a bankruptcy petition provides us with jurisdiction over all of the assets of your estate. And whether someone had a claim, that's an asset. And here, a trustee has settled that claim, or settled two claims against Levin and Kate. They've settled those claims. And what we're asked to say is that the bankruptcy judge abused his discretion in approving those  The law is clear that the bankruptcy judge needs to look at the four elements that were identified in ANC properties. From the record, it appears that the judge tried to do that, and what we're trying to give you an opportunity to tell us is, where did that judge make a mistake? By giving effect to a legal piece? Okay, we're to look at the four elements in ANC, and I've asked you to address those. I can't address them because it assumes that the judgment is valid, and I'm having a void judgment asserted against me to have the Chapter 7 trustee obtain rights to settle it. And I am challenging this, and the court is leaving the foundational subject matter jurisdiction and personal jurisdiction of the San Diego court's validity, and saying, oh, forget about that. We're just going to look at the ANC properties test. Those are procedural things that if a valid judgment was used to convert my case, then I wouldn't be before you today, your honors. I would have no arguments before you. My argument is not about these AC property tests. It's about this court giving effect to a constitutionally invalid San Diego order without reaching or demonstrating how the San Diego court had jurisdiction, and I had my arguments prepared to talk. By the way, there was a case two weeks ago that came out in the California appellate court where judicial dissolution is not a waivable right. All of these things have been taken away from me, and then I've been converted to Chapter 7 proceedings, and now I'm being asked to argue against AC property tests. It's like arguing over a child when you're not their parent. You don't have rights at all, but we took the child from you. We took it. We gave it to the trustees, and now the trustee has rights. I believe— Okay. If there's something else, you've only got a minute 20 left, so if there's something else, if you want to reserve this last minute for rebuttal, you can. Sure. Thank you. Appellee. Good morning, your honors. May it please the court. My name is Jesse Finlayson. I represent the trustee in this matter. I'll be extremely brief. I think the questioning of the appellant has sort of focused on the one issue here. Mr. Raji's appeal does not address the merits of the settlement, the proper legal standard under Bankruptcy Rule 9019, or most importantly, the ANC properties factors. His arguments are all based on his belief that the underlying state court judgment against him and subsequent conversion of the case are constitutionally invalid and void, and therefore no actions by the trustee have any legal effect. The argument is flawed in many, many respects, but fundamentally, to go to Judge Fraker's point, Mr. Raji has filed numerous, numerous motions challenging the proceedings in the bankruptcy court. One of those motions was to reconsider conversion of his case. That order was, or that motion was denied by Judge Latham, and Mr. Raji chose to appeal. He elected to have that appeal heard by the district court. That appeal is currently pending before District Judge Robert Huey in the Southern District. The issues that Mr. Raji is attempting to raise with this court are not only proper, are not only not before this court, they are currently before the district court. And for the reasons stated in our brief, we think the court's, what appears to be the court's view of this based on the questioning, that the underlying questions of the validity of the San Diego judgment and the validity of the conversion of the case are not part of this appeal. Number one, as you pointed out, Mr. Raji filed bankruptcy, and the trustee has the right to administer the estate. Number two, the conversion of his case is currently on appeal to the district court. Number three, Mr. Raji didn't object to this settlement before the bankruptcy court. Mr. Raji concedes that he has no basis to object to the merits of this settlement, and he's simply seeking to raise the same arguments regarding conversion of the case that are currently before the district court, before this court. That is clearly improper. He's also seeking to re-argue the validity of the San Diego State Court judgment, which is also not before this court, and a review by the federal courts of that judgment would violate the Rooker-Feldman Doctrine. That's a ruling that Judge Latham has made and the district court has already made, and I'm sure those orders will also be appealed and challenged, but none of that is currently before the court. I think the panel's questions make clear that we're here to address a specific settlement that Mr. Raji didn't oppose before the bankruptcy court and acknowledges here today he has no substantive objection to, based on the substance of the settlement. So, with that, I'd be happy to answer any questions that the court might have. Questions? No. So, it's your position that the bankruptcy court properly considered the ANC factors and weighed them appropriately in approving the settlement? Without question, Your Honor. There's not a formal written order here because, again, the notice was not opposed. So, none of those factors were disputed, and they're not disputed today, but it is clear the trustee filed an extensive notice of intended action, which is a procedure in the Southern District, where he laid out his view of the settlement, went through each of the ANC factors in detail, explained ultimately what the trustee concluded was three of the four factors strongly favored the settlement, and the fourth factor was the collection was largely irrelevant, and recommended to the court that the court approve the settlement because it was in the best interest of creditors in the estate. And without opposition, the court reviewed those papers and approved the settlement. This was a routine unopposed settlement motion until Mr. Raji appealed. All right. And then one of the other arguments you made is challenging Mr. Raji's standing as Chapter 7 debtor to challenge the settlement. Correct, Your Honor. I'm sorry. Yeah. Often the basis for that is that they have no stake in the outcome, but I didn't see anything about the stake in the outcome in your brief. I'm sorry about that, Your Honor. We cited case law in our brief that a Chapter 7 trustee has the burden of establishing appellate jurisdiction. To do so in this situation, he would have to show either, number one, that this is likely a surplus case, or two, that the outcome of this case would somehow affect his right to a discharge. Settlement of an accounting malpractice claim against Mr. Raji's former accountants does not affect his discharge. So that leaves the surplus estate argument as the only possible basis for Mr. Raji to assert standing here. And unfortunately, this is not anywhere near a surplus estate. In fact, we are probably much closer to administrative insolvency. But that record, actually, that wasn't given to us, though, is it? No, we simply made the argument that Mr. Raji hadn't met his burden of establishing that there was likely to be a surplus estate. His argument on reply was that he scheduled his litigation claims at $75 million, and based on that, this could potentially be a surplus estate. My response to that would simply be that that valuation was unrealistic, and that if you actually look at the record in the bankruptcy court, none of those cases are worth anything near that, and most of those cases have now been settled for six figures, not tens of millions of dollars. None of that is expressly before the court because, again, our view was it was Mr. Raji's responsibility, burden to establish standing, and he simply failed to do that. And he can't because there's not evidence in the record that this is likely a surplus estate. And so we're relying on Mr. Raji's – the requirement that Mr. Raji establish standing and his inability to do that, not that the firm will be trying to disprove that point. I don't want to ask an obvious question, but I'm going to. Even if we gave the appellant the benefit of the doubt on the standing issue, your position is that on the merits, the ANC factors were met, no objection to the settlement. Judge Latham's order should be affirmed on the merits. Yes, without question, as I mentioned. This wasn't a close call. And again, it's not just my position. Mr. Raji has confirmed again today he does not believe that the court misapplied the ANC properties factors. He's made that clear. And it's clear from the record that that's the case. So, yes, if we were to reach the merits of the settlement, we think the record is clear that Judge Latham appropriately considered all of the ANC properties factors and approved this unapproved settlement as appropriate. All right. Thank you. No further questions. Thank you. If there's no further questions, I don't have anything more. Thank you very much. All right. Mr. Raji, you've got about a minute. Yes, thank you. So I'd like to point the court, based on what you said, to a 2017 case called OC Interior Services National Mortgage, 7 Calab Fifth. And I'm quoting directly from that. It was from a Supreme Court of California case. An exception exists to the rule barring collateral attacks to judgments that appear valid on their face of the record. As our High Court explained, citing the California Supreme Court many years ago, if a party admits facts showing that a judgment is void or allows such facts to be established without opposition, then as a question of law, a court must treat the judgment as void upon its face. The opinion goes on to state, if the parties admit or fail to object to the evidence of facts showing a lack of jurisdiction, it is then established that the judgment is void effectively as shown by the record. And whenever such fact is brought to the attention of the court, it is the duty of the court to declare the judgment as void as a matter of law. They call this the Hill Rule. Where was it admitted? You've got just a few seconds, but tell me specifically, where was it admitted by the other side that there was no jurisdiction in getting that judgment? And how do we get around the Rooker-Feldman Doctrine? So there's two questions. Rooker-Feldman only applies to state courts that had subject matter and personal jurisdiction. It's in the Rooker-Feldman holding itself. As the trustee admitted in ECF 124, page 8, line 12 of the bankruptcy, I'm quoting, the trustee believes there may have been material problems with the arbitration process. And that's not just on the admission side. They have not contested any of the voidness factors that I brought with the case that I just cited under the Hill Rule, which is also cited in Brockway Fidelity Creditors' Service. When you say where you brought, where did you bring it? It's before this panel. No, it's not. That's the whole point. You are not going to get a bankruptcy appellate panel that the matter arises on a motion to settle to set aside an arbitration. I'm not looking to set aside an arbitration. Again, I'm very clear in my brief. The only judgment I'm looking to be vacated by this court is the LLME's settlement because it gives effect to a legally void judgment. That is all I'm asking of this court. I'm not looking for you to declare the San Diego judgment void. I'm not looking for you to declare the conversion order void. On the firm fact based on the Hill Rule that I just cited to the court, I've put sufficient facts that have gone uncontested and the LLME order gives effect to an unconstitutional order and the bankruptcy court does not have authority to grant rights that don't exist as a matter of law. That is why I kept repeating that we don't get to the AC Properties analysis. And one last thing I wanted to just quickly say, that case that I said about the Hill Rule was also applied to criminal cases as late as November 2024. That is the People versus the North River Insurance Company. That is also in the California District Division 3, case number B328079. So in closing, I just wanted to say that the opposition does not contest a single fact regarding the fraud on the court, the unauthorized representation of counsel, the lack of legal rights. None of this was opposed by them and their certification of compliance has 5,504 words. So clearly they had ample room to argue against all these points I put before the court. Thank you. Thank you for your argument. This matter will be submitted.
judges: BRAND, SPRAKER, and CORBIT